UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ROBERT MACKEY,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT BLOOMFIELD, et al.,<br><br>    Defendants. | Case No. 22-cv-05105-JSC<br><br>**ORDER OF PARTIAL DISMISSAL; GRANTING LEAVE TO AMEND THIRD CLAIM** |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 against officials at San Quentin State Prison and a Forensic Psychologist with the California Board of Psychology. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the first claim, when liberally construed, is a cognizable, the second claim is DISMISSED without leave to amend, and the third claim is DISMISSED with leave to amend.

**BACKGROUND**

Plaintiff makes three claims. In his first claim, he alleges that he has never committed a violent offense, but he discovered in 2020 that in 2015, Defendant Correctional Counselor Della Baker placed a document in his "C-File" indicating, falsely, that he committed a robbery and a kidnapping. Plaintiff requested removal of the document, but it remains in his file. In his second claim, Plaintiff alleges that Defendant Forensic Psychologist Kristina Lee Anne Reynoso falsely assessed him as high risk for violence based upon a 2016 positive test for marijuana and no evidence of violence. He alleges that this assessment was used for his 2021 parole hearing. In his third claim, Plaintiff alleges that Reynoso also falsely stated in her assessment that Plaintiff traded sex for housing. He alleges that in 2021, the parole board denied him parole, found that he should

not be assessed as high risk, and told him to avoid receiving any Rules Violations Reports ("RVR").  He has received two RVRs from Defendant Sergeant Baker[1], which Plaintiff contends were "illegitimate."  (Id.)

Plaintiff seeks to have "false" information removed from his C-File, to be released from custody, and money damages.  (ECF No. 1 at 3.)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pleadings filed by parties unrepresented by a lawyer must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S.

---

[1] Sergeant Baker appears to be a different individual than Correctional Counselor Della Baker who allegedly was involved in the allegations in Plaintiff's first claim.  (ECF No. 1 at 2, 3.)  Plaintiff also alleges that he received two other RVRs but that they were dismissed by their authors.

42, 48 (1988).

## LEGAL CLAIMS

When liberally construed, Plaintiff's allegation in his first claim that Defendant Correctional Counselor Della Baker placed false information in his prison file that he has two violent offenses states a cognizable claim against her for the violation of his right to due process. *See Burnsworth v. Gunderson*, 179 F.3d 771, 773-74 (9th Cir. 1999) (putting escape conviction supported by no evidence on prisoner's record violates prisoner's procedural due process rights). Plaintiff does not allege that any of the other Defendants were involved in this claim.

Plaintiff's second and third claims are not viable. With respect to his second claim that Reynoso erroneously assessed him as posing a high risk of violence based upon his marijuana use, Plaintiff cites no authority and the Court is aware of none, that an erroneous psychological assessment violates the federal constitutional or other federal law. The same is true for his allegation in his third claim that Reynoso falsely stated in her assessment that Plaintiff traded sex for housing. Plaintiff's allegation that the assessment was prepared for a parole eligibility determination is immaterial because, for one, he alleges that the parole board rejected the assessment of him as high risk (ECF No. 1 at 3), and, secondly, in the context of parole, the federal constitutional right to due process does not guarantee the accuracy of information provided to the parole board, *see Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (due process provides California prisoners "minimal" protections in the context of a parole eligibility determination, only the opportunity to be heard and a statement of the reasons for the denial of parole). There does not appear to be any way in which Plaintiff could amend these claims against Reynoso to state a cognizable claim for relief.

Plaintiff's other allegation in his third claim, that Sergeant Baker prepared two erroneous RVRs, also does not state a cognizable claim for relief. The fact that a prisoner may have been innocent of disciplinary charges does not raise a due process issue because the Constitution demands procedural protections, not error-free decision-making. *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983). Plaintiff's conclusory allegation that the RVRs were "illegitimate" does not allege the violation of any due

3

process protections. To state a cognizable due process claim, Plaintiff must allege that he did not receive a procedure required by due process in connection with his RVRs. He will be granted leave to file an amended complaint in which he makes such allegations, provided he can do so in good faith.

Lastly, Plaintiff's request for release from custody is not a form of relief available in a civil rights action. *See Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (a writ of habeas corpus is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement). If Plaintiff wishes to proceed with a claim that he is entitled to release from custody because of a violation of his constitutional rights or other federal law, he must do so in a petition for a writ of habeas corpus filed in a new case.

Plaintiff has made no allegations against Defendants Teixeira, Cuervos, Tafoya or Broomfield. Consequently, they will be dismissed. The Court notes that Warden Broomfield cannot be held liable simply on the grounds that he was the superior of another Defendant, including Counselor Baker against whom Plaintiff has stated a cognizable claim for relief. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another, also known as "respondeat superior" liability).

## CONCLUSION

For the foregoing reasons,

1. Plaintiff's second and third claims are DISMISSED for failure to state a cognizable claim for relief. Defendants Kristina Lee Anne Reynoso, Lieutenant Teixeira, Sergeant Cuervos, Correctional Counselor Tafoya, and Warden Robert Broomfield are DISMISSED.

2. Plaintiff is granted LEAVE TO AMEND his third claim for relief. If he wants to do so, he must file an amended complaint on or before **October 28, 2022.** The amended complaint must include the caption and civil case number used in this order (No. C 22-5105 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by

4

reference; he must include in his amended complaint all the claims he wishes to pursue, including the claim found cognizable here, namely his first claim against Defendant Correctional Counselor Della Baker.  <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the second claim will be dismissed, only his first claim will proceed, and service will be ordered upon Defendant Correctional Counselor Della Baker.</u>

3. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: October 7, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge