UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ROBERT MACKEY,<br><br>    Plaintiff,<br><br>  v.<br><br>SGT. BAKER, et al.,<br><br>    Defendants. | Case No. 22-cv-05105-JSC<br><br>**ORDER GRANTING MOTION FOR CORRECTION; VACATING SERVICE OF SERGEANT BAKER; GRANTING IN PART AND DENYING IN PART MOTION TO VACATE DEADLINES AND STAY DISCOVERY; OF SERVICE; SCHEDULING BRIEFING ON MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 22, 26 |

    Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 against officials at San Quentin State Prison and a Forensic Psychologist with the California Board of Psychology. The Court reviewed the first amended complaint under 28 U.S.C. § 1915A, ordered it served upon Defendants Sergeant Baker and Lieutenant Teixeira based upon two cognizable claims, and dismissed the remaining claims. (ECF No. 19.)

    Sergeant Baker has filed a request for correction of the Order of Partial Dismissal and of Service pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. (ECF No. 22.) Under Rule 60(a), the Court may "correct a clerical mistake or a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). Both the initial and first amended complaints named a number of individual defendants, including two San Quentin employees with the same last name, Counselor Della Baker and Sergeant Baker. (ECF Nos. 1 at 2; 12 at 2.) Plaintiff, in his first claim, asserted that Counselor Della Baker violated his due process rights by putting false information in his files that resulted in the denial of parole (ECF Nos. 1 at 2-3; 12 at 2-3); this claim was found cognizable (ECF Nos. 11 at 3:3-8; 19 at 2:18-21).[1] In his third claim, Plaintiff

---

[1] The Court also found a new claim in the first amended complaint against Defendant Teixeira to

asserted that Sergeant Baker issued false Rules Violations Reports ("RVR"s) (ECF Nos. 1 at 3; 12 at 3); this claim was found not cognizable and, after amendment, dismissed (ECF Nos. 11 at 3:23-4:4, 4:23; 19 at 2:26-3:9, 4:14-15). In the Order of Partial Dismissal and of Service (ECF No. 19), the Court conflated and confused these two defendants because of their same last name, and inadvertently ordered service upon *Sergeant* Baker instead of *Counselor Della* Baker. (ECF No. 19 at 1:16, 1:19, 3:4, 4:16-17). Sergeant Baker's motion to correct these errors is GRANTED, service is ordered, below, upon Counselor Della Baker, and the Order of Partial Dismissal and of Service is VACATED IN PART to the extent it ordered service upon Sergeant Baker. All claims against Sergeant Baker have been dismissed.

Sergeant Baker and Lieutenant Teixeira also move to vacate the dispositive motion deadlines in the order of service (ECF No. 19), and to stay discovery pending resolution of his separately-filed motions to dismiss (ECF Nos. 24, 25). (ECF No. 26.) This motion is GRANTED IN PART. In light of the need to serve Counselor Della Baker, the dispositive motion deadlines set forth in the Order of Partial Dismissal and of Service are VACATED. New dispositive motion deadlines, including new deadlines for Plaintiff to oppose Teixeira's motions to dismiss, are set forth below. Teixeira argues that staying discovery will save the Court time, and will allow the parties "to focus" on the motions to dismiss. Staying discovery does not save the Court time, and the Court is not aware of any authority, and Teixeira does not cite any, that discovery and motion practice cannot proceed concurrently. The request to stay discovery is DENIED.

To expedite resolution of this case, the Court further orders:

1. Defendant Counselor Della Baker shall be served at San Quentin State Prison.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the first amended complaint and its exhibits (ECF Nos. 12, 16), this order, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

---

be cognizable. (ECF No. 19 at 3:10-18.)

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the Defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the complaint for service upon each Defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. No later than **February 28, 2023**, Defendant Counselor Della Baker shall file a notice indicating whether or not she is joining Defendant Teixeira's motions to dismiss (ECF Nos. 24, 25).  Plaintiff's opposition to the motions to dismiss shall be filed on or before March 28, 2023; Plaintiff may oppose both motions in a single opposition or in two separate opposition.  Defendant Teixeira, and Counselor Della Baker if she joins in those motions, shall reply to the opposition(s) on or before April 11, 2023.

This order disposes of docket numbers 22 and 26.

**IT IS SO ORDERED.**

Dated: January 11, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

3