UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ROBERT MACKEY,<br><br>Plaintiff,<br><br>v.<br><br><br>COUNSELOR DELLA BAKER;<br>LIEUTENANT TEIXEIRA,<br><br>Defendants. | Case No. 22-cv-05105-JSC<br><br>**ORDER GRANTING TEIXEIRA'S MOTION TO DISMISS; DENYING DELLA BAKER'S MOTION TO DISMISS; DENYING MOTIONS TO SEVER AND FOR DEFAULT JUDGMENT; SETTING BRIEFING SCHEDULE FOR SUMMARY JUDGMENT MOTION**<br><br>Re: Dkt. Nos. 24, 25, 33, 34, 39 |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding without attorney representation, filed this civil rights case under 42 U.S.C. § 1983 against officials at San Quentin State Prison ("SQSP"). Following review of the first amended complaint (ECF No. 12) under 28 U.S.C. § 1915A, three claims were dismissed and two remain: one against Defendant Correctional Counselor Della Baker[1] and one against Defendant Lieutenant Teixeira. (ECF Nos. 19, 26.) Defendants Teixeira and Della Baker have filed separate motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. (ECF Nos. 24, 33.) Teixeira has also filed a motion to sever the claim against him from the claim against Della Baker, and Della Baker has joined in this motion. (ECF Nos. 25, 34.) Although given the opportunity to oppose these motions, Plaintiff has not done so. Plaintiff has filed a motion for default judgment, Defendants have filed an opposition, and Plaintiff has filed a "response." (ECF

---

[1] The Court uses Della Baker's first name to clearly distinguish her from Defendant Sergeant Baker (against whom the claims have been dismissed).

Nos. 39, 40, 42.)

For the reasons discussed below, Teixeira's motion to dismiss is GRANTED, and Plaintiff's claim against him is DISMISSED. Della Baker's motion to dismiss is DENIED. Defendants' motion to sever is DENED as moot. Plaintiff's motion for default judgment is DENIED.

## BACKGROUND

In the amended complaint, Plaintiff alleges he has discovered "various" documents "systematically and strategically placed" in his central file ("C-File") "over the years" that falsely portray him as "extremely violent," which has created "greater opportunity to keep me from release from prison under Prop 57 (non-violent early parole opportunity)." (ECF No. 12 at 2.) He alleges he was "denied at Board" based upon "intentionally misleading, false, deceptive info[rmation]." (*Id.* at 3.)

Plaintiff alleges in 2015 Defendant Della Baker placed a document in his central file ("C-File") indicating, falsely, he committed first-degree robbery and kidnapping for ransom in 1985. (*Id.* at 2-3.) Plaintiff requested removal of the document from his C-File, but it remains. (*Id.* at 3.)

Plaintiff also alleges Defendant Teixeira was the "Senior Hearing Officer" who "engaged in biased, manipulative[,] unfair hearing on both RVRs. He accused me 'before' the hearing as 'oakay doking' and 'manipulating' his officer. Denied my witness. (9/29/22)." (*Id.* at 3.) The Court construes these allegations, and the allegations about documentation in his C-File falsely portraying him as violent, to mean that Teixeira presided over a disciplinary hearing on September 29, 2022, on two Rules Violations Reports ("RVR"s) at which Plaintiff was denied witnesses and wrongly found guilty of violating prison rules. (*Id.* at 3.)[2]

After reviewing the amended complaint under 28 U.S.C. § 1915A, the Court concluded these allegations, when liberally construed, stated claims for the violation of Plaintiff's right to due process that are capable of judicial review and determination.

//

---

[2] Plaintiff's other allegations in the amended complaint relate solely to claims that have been dismissed. (*See* ECF No. 19.)

2

**DISCUSSION**

I.  Motion to Dismiss

    A.  Standard of Review

Failure to state a claim is grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

A pleading filed by a party unrepresented by counsel must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations and citations omitted).

    B.  Defendant Teixeira's Motion

For purposes of its Section 1915 review, the Court concluded Plaintiff's allegation that Teixeira refused to allow witnesses states a due process claim capable of judicial determination and review when liberally construed. (ECF No. 19.)[3] Teixeira argues Plaintiff has not plausibly alleged a due process claim because he has not alleged a liberty interest protected by due process and, even if he did, he has not alleged facts supporting a plausible inference Teixeira violated his due process rights at the hearing. (ECF No. 24.)

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A liberty interest "may arise from the Constitution itself ... or it may arise from an expectation or interest created by state laws or policies." *Id*. "An interest in avoiding certain conditions of confinement 'will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Johnson v. Ryan*, 55 F.4th 1167, 1180 (9th Cir. 2022) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citations omitted)). "Though there is no single standard for determining when circumstances are atypical and significant, we have detailed three guiding considerations:

> 1) whether the challenged condition "mirrored those conditions imposed upon inmates in administrative segregation and protective custody," and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ashker v. Newsom*, __F.4th__, 2023 WL 5441792 *15 (9th Cir. Aug. 24, 2023) (internal quotation marks and citations omitted). Teixeira correctly argues the deprivation alleged by Plaintiff is not one of "real substance." In the context of prison disciplinary proceedings, an inmate's due process rights are implicated, and the inmate is entitled to certain due process protections, only when the

---

[3] Plaintiff's allegations that Teixeira was "biased" and "manipulative" are not supported by any allegations describing such bias and manipulation other than Teixeira allegedly denying witnesses.]

4

discipline amounts to a deprivation of "real substance" under *Sandin. Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003). Plaintiff asserts Teixeira finding him guilty of rules violations created false records that harmed him by "keep[ing] me from release" on parole. (ECF No. 12 at 2-3.) However, "the possibility of denial of parole at some later date does not amount to the denial of a liberty interest." *See Burnsworth v. Gunderson*, 179 F.3d 771, 774 n.3 (9th Cir. 1999). If the harm Teixeira allegedly caused is simply the possibility of a future parole denial, Plaintiff has not alleged the denial of a protected liberty interest.

The amended complaint alleges "false" documents are "creating greater opportunity to keep me from release from prison under Prop 57 (non-violent early parole opportunity)." (ECF No. 12 at 2.) Plaintiff also alleges "I was denied at Board based on 'intentionally' misleading, false, deceptive info" and "was told don't get any write-ups during 3 year denial." (*Id.* at 3.) Drawing all reasonable inferences in Plaintiff's favor, the Court construes these allegations as alleging *both* Plaintiff will likely be denied parole in the future *and* he has already been denied parole for three years on the basis of a variety of negative documents in his file, including Teixeira's disciplinary findings.

But Plaintiff's allegations do not plausibly support the inference Teixeira's alleged actions caused Plaintiff to be denied parole. Plaintiff alleges the disciplinary hearing Teixeira conducted occurred on September 29, 2022. Plaintiff alleges in his original complaint he was denied parole in 2021 for three years: "I recently, 10-?-21 had early parole hearing . . . I was denied for three years." (ECF No. 1 at 3.) So the disciplinary hearings conducted nearly a year later cannot have caused the parole denial. Further, Plaintiff signed the amended complaint only two weeks after the September 29, 2022 disciplinary proceeding. Even apart from Plaintiff's allegation he was denied parole in October 2021 and not eligible again for three years, it is not plausible that in the two weeks between the disciplinary hearing and the signing of the amended complaint he was denied parole because of the disciplinary hearing finding. Rather, the only plausible interpretation of the amended complaint as to the harm from Teixeira's disciplinary findings, even when liberally construed in Plaintiff's favor, is that such findings might in the future cause him to be denied parole. Under *Burnsworth*, the possibility Plaintiff will be denied parole is not a

deprivation of "real substance," which means Teixeira's alleged actions did not implicate a liberty interest protected by the right to due process.

The Court further notes that even if Plaintiff had a liberty interest implicated by Teixeira's actions, Plaintiff has not alleged facts that, if true, plausibly support an inference Teixeira's denial of witnesses violated his due process rights  An "inmate facing disciplinary proceedings should be allowed to call witnesses . . . in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 5661 (1974).

> The right to call witnesses at a disciplinary hearing is not unlimited. Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority . . . . Prison officials also may refuse to call witnesses when the evidence would be irrelevant or unnecessary. Prisoners do not have the right to call witnesses in order to confront or cross-examine them. The failure to call a witness is harmless if the allegations do not demonstrate that the testimony would have provided relevant information supporting the prisoner's defense.

*Hilson v. Mijares*, 2022 WL 1432577 at *6 (C.D. Cal. Mar. 24, 2022) (citing, among other cases, *Wolff*, 418 U.S. at 566-68), *report and recommendation adopted*, 2022 WL 1423271 (May 4, 2022); *see also Graves v. Knowles*, 231 F. App'x 670, 673 (9th Cir. 2007) (holding investigative official's failure to interview witnesses identified by inmate did not violate inmate's due process rights when inmate did not identify what information witnesses would have provided).  Plaintiff's complaint does not identify what witnesses he was denied, let alone what testimony these unidentified witnesses would have provided; he merely alleges Teixeira did not allow him to call "witnesses."  (ECF No. 12 at 3.)  So, he has not alleged facts that plausibly support an inference Teixeira's denial of witnesses violated his right to due process at the disciplinary hearings.

Plaintiff will not be granted leave to amend his claim against Teixeira.  District courts must afford unrepresented prisoner litigants an opportunity to amend to correct any deficiency in their complaints.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  Leave need not be granted, however, when amendment of the complaint would be futile, that is, unsuccessful.  *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).  Because Plaintiff is claiming a

due process violation based upon a potential future denial of parole, which is not actionable because it does not implicate a liberty interest protected by due process as a matter of binding precedent, the claim cannot be cured by amendment. Accordingly, any amendment would be futile, and so the claim will be dismissed without leave to amend.

        C.        <u>Defendant Della Baker's Motion</u>

Plaintiff alleges Della Baker placed and failed to remove false information in his "C-File" indicating he had prior convictions for first-degree robbery and kidnap for ransom, and he alleges this information damaged his chance at release on parole, which was denied. (ECF No. 12 at 2-3.) For purposes of Section 1915 review, the Court concluded these allegations, when liberally construed, sufficient to state a claim for the denial of his right to due process. (ECF No. 11 at 3; ECF No. 19 at 2.) Della Baker moves to dismiss on the grounds Plaintiff's allegations do not plausibly support an inference she violated his right to due process.

In *Burnsworth v. Gunderson*, 179 F.3d 771 (9th Cir. 1999), the district court ordered expungement of the plaintiff inmate's prison disciplinary conviction after finding no evidence supported the conviction. After noting that expungement would be improper if the defendants had not violated the plaintiff's right, the Ninth Circuit held the defendants violated the plaintiff's procedural due process rights by convicting him of escape following a hearing at which no "evidence of the inmate's guilt is presented." *Id.* at 774 (citing *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) ("revocation of time [credits] does not comport with 'the minimum requirements of procedural due process' unless the findings of the prison disciplinary board are supported by some evidence in the record"). The court held the inmate's due process rights were violated "even if plaintiff has demonstrated no cognizable liberty interest." *Id.* at 775. Here, drawing all reasonable inferences from the allegations in Plaintiff's favor, Della Baker entered into Plaintiff's C-File criminal convictions for robbery and kidnap for ransom even though Plaintiff never sustained such convictions. (ECF No. 12 at 2.) Placing convictions in Plaintiff's record that do not exist is tantamount to prison officials putting a disciplinary conviction in his record following a disciplinary hearing at which no evidence supported the conviction, as the prison officials did in *Burnsworth*. In both instances, prison officials attributed convictions to an inmate based upon no

7

evidence. And in both cases, prison officials thereby caused the harmful consequences of a conviction (in Plaintiff's case *two criminal* convictions) on an inmate's record. Under *Burnsworth*, prison officials violate an inmate's right to due process when they do so.

Defendant argues *Burnsworth* does not apply because it involved a conviction found at a disciplinary hearing.[4] (ECF No. 34 at 8 (citing *Burnsworth*, 179 F.3d at 775 (prison officials' actions "violated the fundamental principle of due process in prison discipline hearings.")). However, *Burnsworth* is not limited to the disciplinary hearing context. The court did not rely upon the fact that it was a disciplinary hearing, *see* 179 F.3d at 775 (citing cases providing that due process protections apply in clemency proceedings despite the lack of liberty interest in such proceedings), nor, as noted above, did it rely upon the existence of liberty interest arising from such hearings, *see id.* ("plaintiff's due process rights are violated even if plaintiff has demonstrated no cognizable liberty interest").[5] Assigning convictions to an inmate supported by no evidence that he ever received them or that he ever committed the underlying offenses, as Della Baker allegedly did, violates a "fundamental principle of due process" under *Burnsworth*, *id.*, regardless of whether prison officials did so following a disciplinary hearing. To put it another way, under Defendant's argument, if the *Burnsworth* officials merely placed a disciplinary conviction that never occurred in the inmate's file there would be no due process violation, but if they held a hearing at which no evidence was presented and then found the inmate guilty there would be a violation. At this early stage in the proceeding, Defendant has not persuaded the Court Ninth Circuit law makes that distinction.

Defendant's reliance on *Slaughter v. Cate*, No. 12-cv-03872-VC, 2014 WL 5474025 (N.D. Cal. Oct. 28, 2014), to support its 12(b)(6) motion is unpersuasive. There the court granted summary judgment to defendants on the grounds the inmate had no due process liberty interest in "the verification or expungement of allegedly false information in his prison file." *Id.* at *5-6. *Slaughter* is readily distinguishable because there, unlike here and in *Burnsworth*, the allegedly

---

[4] Plaintiff has not alleged there was any hearing or other process connected to Della Baker's entry of the convictions into Plaintiff's records.
[5] Indeed, the alleged actions by Della Baker may have afforded fewer protections than in the context of a disciplinary hearing if indeed her actions were not pursuant to any hearing.

8

false information was not created by prison officials, but was instead in a probation report. Further, prison officials had added corrective letters to the inmate's file, and the inmate had a hearing to review the accuracy of the information in his file. *See id.* at *1-3. Moreover, *Slaughter* relied on *Paul v. Davis*, 424 U.S. 693 (1976), *see* 2014 WL 5474025 at *5, which involved a police department's defamation of private individuals, not an inmate's procedural due process protection against prison officials placing non-existent convictions in an inmate's file. And finally, *Slaughter* was decided on summary judgment on a full evidentiary record.

Defendant next argues Plaintiff's allegations are insufficient because "the possibility of denial of parole at some later date does not amount to the denial of a liberty interest." *See Burnsworth*, 179 F.3d at 774 n.3. But, unlike the allegations against Teixeira, Della Baker's alleged actions took place *before* Plaintiff was denied parole, that is, in 2015 (ECF No 12 at 2), and therefore his amended complaint can be construed as alleging her actions, in part, caused an actual parole denial, not merely a possible one.

The out-of-circuit and district court cases cited by Defendant do not persuade the Court otherwise. None addresses the due process implications of prison officials placing false convictions in a prisoner's record. *See Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010) (relying on *Paul v. Davis*, 424 U.S. 693 (1976), to find the plaintiff's claim of unspecified "false or defamatory" information in his prison file did not implicate a liberty or property interest protected by due process); *Boyer v. Williams*, 2021 WL 1602095, at *3 (D. Nev. Apr. 23, 2021) (denying due process claim about unspecified inaccuracies presented to the parole board); *Birdwell v. Clarizo*, 2019 WL 7865195, at *5 (C.D. Cal. Dec. 20, 2019) (dismissing due process claim about factual accuracies in forensic psychologist's report); *Singleton v. Kernan*, 2019 WL 142190, at *8 (S.D. Cal. Jan. 8, 2019) (finding no liberty interest implicated by having an investigator's memorandum falsely accuse the plaintiff of drug activity); *Strother v. Warden*, 2012 WL 4801274, at *1 (E.D. Cal. Oct. 9, 2012) (finding allegedly inaccurate "violence exclusion" label attached to inmate did not violate due process). In *Raines v. Jinbo*, 2016 WL 3813692 (D. Haw. July 13, 2016), the plaintiff claimed prison officials had mischaracterized his rules violations (the opinion does not say how, precisely), but the court did not address

*Burnsworth*, and rejected the claim solely because, unlike here, the inmate only alleged the possibility of a future parole denial. *Id.* at *4.

Defendant Della Baker has not shown that Plaintiff's allegations, when liberally construed, fail to state a claim for a violation of his right to due process that is capable of judicial review and determination. Accordingly, her motion to dismiss will be denied.

### III.  Motion to Sever

Teixeira moves to sever the claim against him from the claim against Della Baker, and Della Baker joins this motion. Because the claim against Teixeira is dismissed without leave to amend, the motion to sever is moot.

### IV.  Motion for Default Judgment

Plaintiff filed a motion for default judgment. Default judgment is not available because Della Baker and Lieutenant Teixeira did not "fail to plead or otherwise defend" against Plaintiff's claims, *see* Fed. R. Civ. P. 55(a), and all other claims have been dismissed (ECF Nos. 11, 19). Plaintiff complains Defendants have not yet filed a motion for summary judgment, but that does not mean they defaulted. The Court ordered Defendants to file a motion for summary judgment "or other dispositive motion," which they have done. (*See* ECF No. 19 at 5:10-11; 27 at 3:14-15.) Lastly, Plaintiff's allegations regarding Defendant Reynoso do not support entering a default judgment because the claims against her have been dismissed. Accordingly, the motion for default judgment will be denied.

## CONCLUSION

For the reasons described above, Defendant Teixeira's motion to dismiss is GRANTED and Plaintiff's claim against him is DISMISSED without leave to amend. Defendant Della Baker's motion to dismiss is DENIED. Defendants' motion to sever is DENIED as moot .Plaintiff's motion for default judgment is DENIED.

No later than **91** days from the date this order is issued, Defendant Della Baker shall file a motion for summary judgment. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as

exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion this case cannot be resolved by summary judgment, she shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendant shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **28 days** from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

Defendant shall file a reply brief no later than **14** days after the opposition is filed.

The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order resolves docket numbers 24, 25, 33, 34, 39

**IT IS SO ORDERED.**

Dated: September 25, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.